UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES EDWARD JAMES,

    Plaintiff,

v.                                                                              Case No.:  2:19-cv-715-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. 406(b)(1).  (Doc. 26).  Plaintiff's counsel represents that the Commissioner does not object to the relief requested therein.  (*Id.* at 1).  Because the motion is unopposed, the Undersigned deems the matter to be ripe.  For the reasons stated herein, the Undersigned recommends the motion be **GRANTED**.

### PROCEDURAL BACKGROUND

On June 2, 2020, the Court entered an Order reversing and remanding this action to the Commission for the Administrative Law Judge to evaluate the evidence of record, re-assess Plaintiff's residual functional capacity, obtain supplemental evidence, and conduct any further proceedings deemed appropriate.  (*See* Doc. 20). On August 31, 2020, Plaintiff filed Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act and Memorandum in Support.  (Doc. 22).  On September 18, 2020, the Court entered an Order awarding $6,892.12 in

attorney's fees under 28 U.S.C. § 2412(d).  (*See* Doc. 24).  These fees were payable to counsel under a valid assignment of payment if the United States Department of the Treasury determined that no federal debt was owed by the Plaintiff.  (*See id.*).  However, on November 2, 2020, the $6,892.12 was withheld by the U.S. Department of the Treasury based on a child support debt owed by Plaintiff.  (*See* Doc. 26-4).

On remand, the Commissioner issued a fully favorable decision.  (*See* Doc 26-1 at 2).  The Social Security Administration issued a Notice of Award dated November 14, 2021.  (Doc. 26-3).  The amount of attorney's fees withheld was $41,032.25.  (Doc. 26-3 at 4).

Plaintiff's counsel now requests that the Court award attorney's fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits.  (Doc. 26 at 1).  Counsel states that "[n]o fee was previously awarded to counsel under the Equal Access to Justice Act due to federal offset for a debt owed by Plaintiff." (*Id.* (citing Doc. 26-4)).  Based on the November 14, 2021 Notice of Award, Plaintiff was entitled to past-due benefits of $164,129.00, from which 25% could be applied to attorney's fees, subject to reimbursement of any fees paid under the EAJA.  (*See* Doc. 26-3).  Subject to this reimbursement, Plaintiff's counsel asserts that he is entitled to 25% of the $164,129.00 past-due benefits awarded, for a total fee award of $41,032.25.  (Doc. 26 at 1).

## ANALYSIS

42 U.S.C. § 406(b) allows the Court to award a successful claimant's counsel fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five (25) percent of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between client and counsel, but it does require the Court to examine the agreement, to examine the amount of fees, and to make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

When approaching fee determinations in this context, a court engages in a three-step process. *See Gisbrecht*, 535 U.S. at 808. First, the court looks to the contingent-fee agreement and verifies that it is reasonable. *See id*. Second, the court determines whether counsel delayed the case. *See id*. Third, the court evaluates whether the benefits are large in comparison to the amount of time counsel spent on the case. *See id*. As to the third step, the court may require that counsel submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

**A.     The Contingent-Fee Agreement Is Reasonable**.

Under the first step, the Undersigned has reviewed the Retainer Agreement and Assignment that Plaintiff executed on September 30, 2019. (*See* Doc. 26-2); *see*

3

*also Gisbrecht*, 535 U.S. at 808. This agreement states that "the law firm may request up to twenty-five percent (25%) of the past due benefits pursuant to 42 U.S.C. § 406(b) of the Social Security Act, which must be approved by the district court." (*Id.*). The Undersigned finds that the Retainer Agreement and Assignment complies with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. Thus, the Undersigned finds that the Retainer Agreement and Assignment is reasonable.

        **B.    There Is No Evidence of Delay**.

Under the second step, the Undersigned has thoroughly reviewed the record to determine whether counsel delayed the proceedings. *See Gisbrecht*, 535 U.S. at 808. While Plaintiff's counsel caused a delay in the service of process on the Commissioner of Social Security, (*see* Docs. 8, 10, 11), the Undersigned finds that the delay was negligible such that it did not impact the timing of Plaintiff's award, *see, e.g., Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1384 n.6 (S.D. Ga. 2002). Moreover, the Undersigned finds no other evidence that counsel delayed the case, and the Commissioner makes no such argument. Thus, counsel's request for attorney's fees should not be denied or reduced for delay.

        **C.    The Requested Fees Are Proportional to the Time Spent**.

Under the third step, the Court's prior Order awarding fees under the EAJA found both the number of hours expended in this case and counsel's hourly rate to be reasonable. (Docs. 23 at 3-4; 24 at 2); *see Gisbrecht*, 535 U.S. at 808. In connection

with the instant motion, moreover, the Undersigned has reviewed the number of hours Plaintiff's counsel expended, the hourly rate requested, and the other supporting materials filed by Plaintiff's counsel. (*See* Docs. 26-1 at 1-3, 26-5). Additionally, even though Plaintiff's counsel's requested fees would result in a rate of roughly $1,108.38 per hour, the Undersigned finds that the rate is still within the realm of what other jurists within this district have found reasonable. *See, e.g.*, *Carpenter v. Astrue*, No. 8:10-cv-290-T-TGW, 2012 WL 367261, at *1 (M.D. Fla. Feb. 3, 2012) (approving a contingency fee equaling approximately $852 per hour); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *2 (approving a contingency fee equaling approximately $1,121.86 per hour).

Upon careful review and consideration, the Undersigned finds that the amount of fees requested by counsel is reasonable and not too large when compared to the time spent on the case. Moreover, the Undersigned finds that, because Plaintiff's counsel did not receive the previously awarded EAJA fees based on a prior federal debt owed by Plaintiff, (*see* Doc. 26-4), Plaintiff's counsel's fee under 42 U.S.C. § 406(b) does not need to be offset by the unreceived EAJA fee amount. *See, e.g.*, *Wrotten v. Colvin*, No. 2:10-cv-685-FtM-CM, 2014 WL 3057105, at *1 (M.D. Fla. July 7, 2014) (awarding the full 406(b) fee without requiring an EAJA offset where neither the plaintiff, nor the plaintiff's counsel, received the EAJA fee because of a federal debt owed by the plaintiff); *Smith v. Berryhill*, 2017 WL 1501542, at *3 n.9 (N.D. Tex. Apr. 6, 2017) (recommending that the 406(b) fee be paid directly to the plaintiff's counsel, without requiring a refund to the plaintiff, when the EAJA fee

was applied to the plaintiff's outstanding federal debt) *report and recommendation adopted*, 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017); *Johnson v. Comm'r of Soc. Sec.*, No. 16-cv-4219-LDH-RML, 2019 WL 11270462, at *1-4 (E.D.N.Y. Dec. 17, 2019) (same), *report and recommendation adopted*, No. 16-cv-4219-LDH-RML, 2020 WL 6128966 (E.D.N.Y. Oct. 19, 2020).  Accordingly, the Undersigned finds that Plaintiff's counsel is entitled to the total fee award requested.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. 406(b)(1) (Doc. 26) be **GRANTED** as set forth below.

2. The Court award Plaintiff's counsel $41,032.25 in attorney's fees under 42 U.S.C. § 406(b) and direct the Commissioner of Social Security to pay Plaintiff's counsel $41,032.25.

3. The Court direct the Clerk of Court to enter a judgment awarding $41,032.25 to Plaintiff's counsel for attorney's fees.

**RESPECTFULLY RECOMMENDED** in Chambers in Fort Myers, Florida on December 23, 2021.

_Mac R. McCoy_
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties